IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MELINDA DARLENE WASHINGTON, #174 688 | * | |
| Plaintiff, | * | |
| | | |
| v. | * | 2:11-CV-618-TMH (WO) |
| | | |
| FRANK ALBRIGHT, | * | |
| | | |
| Defendant. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama, filed this 42 U.S.C. § 1983 action on August 2, 2011. Plaintiff files this damages action for constitutional violations she alleges are occurring as a result of her HIV-positive status. Warden Frank Albright is the named defendant. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## I. DISCUSSION

Plaintiff complains of harsh and unequal treatment, which she asserts is due to her HIV-positive status. Specifically, she asserts that she is subject to placement in segregation

_____

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

for 90 days rather than being transferred to another facility for protective custody, she cannot complete classes necessary for qualification in certain programs, and her medical status is disclosed daily by virtue of her placement in a segregated HIV housing unit.   Plaintiff complains that her current situation is causing her mental stress.   (*Doc. No. 1*.)

Plaintiff names Warden Albright as the sole defendant to this complaint.   Because Plaintiff is proceeding *pro se*, the court liberally construes her allegations against Defendant Albright as asserting a claim that the institution's policy concerning housing and availability of rehabilitation programs for HIV-positive inmates violates her constitutional rights.   The law is settled that prison administrators are accorded wide-ranging deference in determining the policies and procedures for handling inmate populations.   Federal courts, therefore, do not generally interfere in such discretionary decisions.   *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987); *Procunier v. Martinez*, 416 U.S. 396, 405 (1974); *Anderson v. County of Kern,* 45 F.3d 1310, 1316 (9th Cir. 1995) (finding that prison officials have legitimate penological interests in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security" (quoting *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979))).   Here, Plaintiff's generalized allegations with regard to the named defendant are insufficient to overcome this standard of deference.

Turning to the allegations presented in the complaint, the court finds that Plaintiff has failed to establish a violation of her constitutional rights by virtue of her placement in a segregated HIV unit at the prison.   This circuit has held that the involuntary placement of

2

HIV prisoners in separate HIV dorms does not violate the prisoners' constitutional rights. *Harris v. Thigpen,* 941 F.2d 1495, 1521 (11th Cir. 1991); *see generally Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (finding that an inmate normally has no liberty interest in where he is housed). Although Plaintiff essentially argues that her present housing assignment brands her as being HIV-positive in violation of her right to privacy, settled case law holds that the constitutional rights of prisoners are subject to the needs of corrections officials to achieve legitimate correctional goals and to maintain institutional security. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987). The right to privacy is just one of many rights inmates must give up or have restricted as a result of their having committed crimes against society and, thus, causing their involuntary incarceration. *Id; see also Bell,* 441 U.S. at 537 (noting that loss of freedom of choice and privacy are inherent incidents of confinement in prison). Additionally, any argument Plaintiff might make regarding a liberty interest in assignment to a particular area of the prison, *e.g.*, general jail population, protective custody, *etc.*, is without merit. In order to state a claim for denial of due process under the Fourteenth Amendment, Plaintiff must allege that a constitutionally protected life, liberty, or property interest is at stake. *See Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's placement in a segregated HIV unit does not implicate a liberty interest even if it results in fewer privileges or a denial of rehabilitation programs as such are not so "atypical" or "significant . . . in relation to the ordinary incidents of prison life" that they constitute deprivations of a liberty interest. *Id*. at 484. Further, the Constitution itself does not give prisoners an interest in

being classified to a particular area within a prison or to a particular penal facility. *Cf. Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution.").

To the extent Plaintiff claims that her placement in a segregated HIV unit denies her equal protection, this argument also fails as the facts do not support a discrimination claim in this case. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that she is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . .

4

> implies more than intent as volition or intent as awareness of
> consequences.  It implies that the decision maker . . . selected .
> . . a particular course of action at least in part 'because of,' not
> merely 'in spite of,' its adverse effects upon an identifiable
> group.

*Pers. Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted);

*see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Evidence which merely

indicates disparity of treatment or erroneous or even arbitrary administration of state powers,

rather than instances of purposeful or invidious discrimination, is insufficient to show

discriminatory intent.  *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such

persons to "strict scrutiny" of disparate government treatment.  Moreover, because inmates

afflicted with HIV/AIDS are not similarly situated to other prisoners, courts have recognized

that the Equal Protection Clause is not violated when inmates are placed in segregation

because of their AIDS/HIV+ status.  *Nolley v. Cnty. of Erie,* 776 F. Supp. 715, 739 (W.D.

N.Y.1991) (an HIV-positive inmate carrying a contagious disease is not similarly situated to

other inmates); *see also Harris,* 941 F.2d at 1512 n. 25 (noting that prisoner cases

challenging segregation of HIV-positive inmates as violative of equal protection have met

with little success)*; Moore v. Mabus,* 976 F.2d 268, 271 (5th Cir. 1992) (HIV-positive

prisoner's segregation into special section of prison did not violate equal protection rights);

*Cordero v. Coughlin,* 607 F. Supp. 9, 10 (S.D. N.Y. 1984) (holding that segregation of

inmates with AIDS did not violate inmate's equal protection rights).  Here, Plaintiff does not

5

allege that she has been subjected to any tangible unequal treatment by Defendant's conduct, such as his decision being based upon a constitutionally protected interest. There is also no allegation or indication that Plaintiff has been treated differently from other similar HIV cases or that there is no rational basis for such treatment. As a matter of law, therefore, the allegations supporting Plaintiff's equal protection claim, without more, do not rise to the level of a constitutional violation.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that on or before **September 6, 2011**, the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 22nd day of August, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE